**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ERIC RAY CASTRO, Trustee of the Eric
Ray Castro Trust,

Plaintiff,

v.

OFFICER C. GANOT (SANCATT-6);
SAN BERNARDINO SHERIFF'S
DEPARTMENT; NORTH COUNTY
BUICK GMC CADILLAC;
CALIFORNIA HIGHWAY PATROL;
and DOES 1-50,

Defendants.

Case No.:  25cv1438 DMS (DEB)

**ORDER GRANTING MOTIONS TO
SET ASIDE DEFAULTS**

This case comes before the Court on the motions to set aside default filed by Defendants San Bernardino County and California Highway Patrol.  Plaintiff filed an opposition to each motion, and Defendants each filed a reply.  For the reasons set out below, the motions are granted.

**I.**

**DISCUSSION**

Defendants ask this Court to set aside their defaults pursuant to Federal Rule of Civil Procedure 55(c).  This Rule states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).

1

1   The good cause analysis under Rules 55(c) and 60(b) "considers three factors: '(1) whether

2   [the defendant] engaged in culpable conduct that led to the default; (2) whether [the

3   defendant] had a meritorious defense; or (3) whether reopening the default judgment would

4   prejudice [the plaintiff].'" *Franchise Holding II, LLC v. Huntington Restaurants Group,*

5   *Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004) (quoting *Am. Ass'n of Naturopathic Physicians*

6   *v. Hayhurst*, 227 F.3d 1104, 1008 (9th Cir. 2000)).  The defendant bears "the burden of

7   showing that any of these factors favor[s] setting aside the default." *Id.* at 926.

8       Here, Defendants assert each of the factors warrants setting aside their defaults.  The

9   first factor is culpable conduct.  The Ninth Circuit has held "that the defendant's conduct

10  is culpable if he has received actual or constructive notice of the filing of the action and

11  intentionally failed to answer." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388,

12  1392 (9th Cir. 1989).  *See also Direct Mail Specialists, Inc. v. Eclat Computerized*

13  *Technologies, Inc.,* 840 F.2d 685, 690 (9th Cir. 1988); *Meadows v. Dominican Republic*,

14  817 F.2d 517, 521 (9th Cir. 1987) (same).  In this case, it appears neither Defendant was

15  served in accordance with Federal Rule of Civil Procedure 4(j)(2).  Specifically, neither

16  Defendant was served via delivery of the summons and complaint on its "chief executive

17  officer", Fed. R. Civ. P. 4(j)(2)(A), nor was either Defendant served in accordance with

18  California Code of Civil Procedure § 415.30.  Fed. R. Civ. P. 4(j)(2)(B).  That statute

19  requires that service by mail be made "(by first-class mail or airmail, postage prepaid) to

20  the person to be served, together with two copies of the notice and acknowledgement

21  provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the

22  sender." Cal. Civ. P. Code § 415.30(a).  Plaintiff's service by mail did not meet these

23  requirements.  Instead, he served the documents by certified mail and without a notice and

24  acknowledgement of receipt.  In light of the record, the first factor, culpable conduct,

25  weighs in favor of setting aside the defaults.

26      The only other factor Defendants address is prejudice, and they simply state Plaintiff

27  will not suffer any prejudice if the defaults are set aside.  Plaintiff argues he would be

28  prejudiced because if the defaults are set aside the case will be delayed, but "[m]ere delay

1    is insufficient prejudice to prevent the entry of default from being set aside." *Tacori*

2    *Enterprises v. S. Kashi & Sons*, No. 2:18-cv-09921-R-AFM, 2019 WL 8198236, at \*1

3    (C.D. Cal. July 1, 2019) (citing *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701

4    (9th Cir. 2001)).  Accordingly, this factor also weighs in favor of setting aside the defaults.

5                                              **II.**

6                                        **CONCLUSION**

7           Considering the factors set out above, the Court grants each Defendant's motion to

8    set aside their respective defaults.[1]

9           **IT IS SO ORDERED**.

10   Dated:  October 9, 2025

11                                              _____
                                               Hon. Dana M. Sabraw
12                                             United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] In light of this ruling, Plaintiff's motions for default judgment against San Bernardino County and the California Highway Patrol are denied as moot.