# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

ERIC RAY CASTRO, Trustee of the Eric Ray Castro Trust,

   Plaintiff,

v.

OFFICER C. GANOT (SANCATT-6); SAN BERNARDINO SHERIFF'S DEPARTMENT; NORTH COUNTY BUICK GMC CADILLAC; CALIFORNIA HIGHWAY PATROL; and DOES 1-50,

   Defendants.

Case No.:  25cv1438 DMS (DEB)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

   This case comes before the Court on the motion to dismiss filed by Defendant My Escondido BCG LLC ("Defendant" or "Escondido BCG").  Plaintiff filed an opposition to the motion, and Defendant filed a reply.  For the reasons set out below, the motion is granted.

## I.
## BACKGROUND

   This case involves a series of events that allegedly took place in San Diego and San Bernardino Counties. (Compl. at 1-2.)  First, Plaintiff alleges that on May 28, 2025, his truck was repossessed. (*Id.* at 2.)  Two days later, Plaintiff was arrested by Defendant

Officer C. Ganot on a charge of larceny. (*Id.* at 2-3, Ex. H.)[1] Plaintiff alleges that as part of the arrest Officer Ganot "**seized and stole Trust Property**, including:

- A **Certification of Trust**
- A **Schedule of Fees**
- **Draft stubs**
- The **Purchase and Sale Agreement**."

(*Id.* at 2-3) (emphasis in original). Plaintiff alleges his arrest was the result of a false police report filed by Defendant Escondido BCG, which accused Plaintiff of stealing the truck "despite receiving full payment for the vehicle." (*Id.* at 3.)

Plaintiff further alleges "[o]fficers forcibly entered the private home of Plaintiff's father **without a warrant**, **without knocking**, and **at gunpoint**, demanding access to a personal safe." (*Id.* at 2.)[2] Plaintiff alleges that during the search "[f]irearms belonging to Plaintiff's brother and father—**unrelated to the truck**—were seized, violating their Second and Fourth Amendment rights." (*Id.*)

As a result of these events, Plaintiff, who is proceeding pro se, filed the present case against Officer Ganot, the San Bernardino County Sheriff's Department, the California Highway Patrol, and Defendant Escondido BCG. In the Complaint, Plaintiff lists the following claims for relief: (1) A claim under 42 U.S.C. § 1983, (2) trespass and invasion of privacy, (3) conversion and theft of trust property, (4) unlawful search and seizure, (5)

---

[1] Plaintiff alleges he was arrested on June 30, 2025, in Victorville, California. (Compl. at 2.) However, the "Arrest/Booking Application" attached to the Complaint reflects Plaintiff was arrested on May 30, 2025, in Apple Valley. (Compl., Ex. H.) It is unclear whether Plaintiff was arrested a second time on June 30, 2025, or whether the date of arrest identified in the Complaint is incorrect. Based on the Arrest/Booking Application, and Plaintiff's allegation that he was not brought before a judge on his scheduled arraignment on June 3, 2025, (Compl. at 2), the Court construes the Complaint to concern one arrest that occurred on May 30, 2025.

[2] It is unclear whether the entry into the home occurred at the same time or in connection with Plaintiff's arrest or whether those two events were unrelated.

due process violations, (6) violation of Second Amendment rights, (7) failure to Mirandize, (8) abuse of authority and excessive force, (9) replevin, (10) intentional infliction of emotional distress, and (11) violation of interstate commerce rights.

At Plaintiff's request, the Clerk of Court entered default against Defendant Ganot. Plaintiff's motion for default judgment against that Defendant is currently pending before the Court. The Court recently set aside the defaults entered against the San Bernardino County Sheriff's Department and the California Highway Patrol. Defendant Escondido BCG is the only defendant to have filed a response to the Complaint, and it did so through the present motion.

## II.

## DISCUSSION

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

Here, Plaintiff includes only one factual allegation concerning Defendant Escondido BCG, namely, that it filed a police report falsely accusing Plaintiff of stealing the truck.

(Compl. at 3.) This is a factual allegation, which the Court accepts as true in deciding the present motion.[3]

Accepting this allegation as true, the only remaining question is whether the allegation plausibly suggests Plaintiff is entitled to relief from Defendant. Plaintiff lists eleven claims for relief in his Complaint, (Compl. at 1), but fails to identify which claims are asserted against which Defendant. Because Plaintiff is proceeding pro se, the Court is obligated to liberally construe his Complaint. *Watanabe v. Derr*, 115 F.4th 1034, 1043 (9th Cir. 2024) (quoting *Ross v. Williams*, 950 F.3d 1160, 1173 n.19 (9th Cir. 2020) (*en banc*)). Under a liberal construction, Plaintiff's factual allegation against Defendant tracks most closely with his claim for intentional infliction of emotional distress.[4]

"To state a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme and outrageous conduct by defendants with the intention of causing, or reckless disregard for the probability of causing, emotional distress; (2) the suffering of

---

[3] Defendant challenges Plaintiff's factual allegation that he paid for the truck, and asserts Plaintiff subscribes to the "sovereign citizen" ideology. (Mem. of P. & A. in Supp. of Mot. at 9-15.) However, "[a]t the motion to dismiss stage, the Court does not resolve factual disputes, but rather simply assesses whether the SAC plausibly pleads a claim for relief." *Baird v. BlackRock Institutional Trust Co., N.A.*, 403 F.Supp.3d 765, 777 (N.D. Cal. 2019). Accordingly, the Court declines to address whether Plaintiff actually paid for the truck. As for the "sovereign citizen" argument, the Exhibits to the Complaint indicate Plaintiff may subscribe to that ideology. *See United States v. Heineman*, ___ F.Supp.3d ___, 2024 WL 4149749, at *5 (N.D. Cal. Sep. 11, 2024) (identifying UCC financing statement as indicator of sovereign citizen ideology); *Massengale v. Kern County Municipal*, No. 1:24-cv-00066-JLT-CDB, 2025 WL 1042396, at *3 (E.D. Cal. Mar. 18, 2025) (same). If Plaintiff's claims are based on that ideology, they would be without merit and subject to dismissal on that basis. *Massengale*, 2025 WL 1042396, at *3. *See also Farrell v. Internal Revenue Service*, No. CV-21-00697-PHX-DGC, 2021 WL 4748778, at *3 (D. Ariz. Oct. 12, 2021) (stating courts "have repeatedly and emphatically rejected claims based on sovereign citizen and redemptionist theories as frivolous.")

[4] It is possible some of the other claims could also apply to Defendant, but given the lack of clarity in the Complaint, the Court will address only the intentional infliction of emotional distress claim. If Plaintiff wishes to assert any of the other claims against Defendant, he should so specify in any amended complaint.

severe or extreme emotional distress; and (3) the fact that the outrageous conduct actually and proximately caused the distress." *Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *5 (C.D. Cal. July 1, 2009) (citations omitted). Knowingly filing a false police report may satisfy the "extreme and outrageous conduct" element of an intentional infliction of emotional distress claim. *See McCue v. South Fork Union Elementary School*, No. 1:10-cv-00233-OWW-MJS, 2010 WL 3958278, at *5 (E.D. Cal. Oct. 8, 2010) ("Making a knowingly false report of child abuse in order to cause a CPS report against parents is unquestionably beyond the bounds of that usually tolerated in a civilized community if it evinces malice and the intent to cause a child to be removed from the child's parent.")  However, Plaintiff fails to allege any facts to support any of the other elements for a claim against Defendant.  Absent any additional facts, Plaintiff has failed to state a claim against Defendant.

## III.

## CONCLUSION AND ORDER

For the reasons discussed above, Defendant's motion to dismiss is granted. Specifically, the Court grants the motion to dismiss Defendant from this case.  Plaintiff is granted leave to amend to address the pleading deficiencies identified above.  If Plaintiff wishes to file an amended complaint, he shall do so on or before October 31, 2025, and in accordance with the Federal Rules of Civil Procedure 15 and Civil Local Rule 15.1.

**IT IS SO ORDERED**.

Dated: October 16, 2025

Hon. Dana M. Sabraw
United States District Judge