**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ERIC RAY CASTRO, Trustee of the Eric Ray Castro Trust,

Plaintiff,

v.

OFFICER C. GANOT (SANCATT-6); SAN BERNARDINO SHERIFF'S DEPARTMENT; NORTH COUNTY BUICK GMC CADILLAC; CALIFORNIA HIGHWAY PATROL; and DOES 1-50,

Defendants.

Case No.: 25cv1438 DMS (DEB)

**ORDER (1) GRANTING DEFENDANT MY ESCONDIDIO BCG LLC'S MOTION TO STRIKE AND (2) GRANTING IN PART AND DENYING IN PART DEFENDANT CALIFORNIA HIGHWAY PATROL'S MOTION TO STRIKE**

This case comes before the Court on the motions to strike filed by Defendants My Escondido BCG LLC ("BCG") and the California Highway Patrol ("CHP").[1] Plaintiff filed oppositions to each motion, and BCG and the CHP each filed reply briefs.

Federal Rule of Civil Procedure 12(f) states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An "immaterial" matter has no essential or important relationship to

[1] Defendant San Bernardino County ("SBC") and the CHP filed motions for joinder in BCG's motion.

the claim for relief or defenses pleaded. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517, 534 35 (1994). An "impertinent" matter consists of statements that do not pertain and are unnecessary to the issues in question. *Id.*

Here, Defendants argue the Court should strike all newly asserted claims in the Second Amended Complaint because the Court's Order on BCG's motion to dismiss the First Amended Complaint stated explicitly that Plaintiff "may not add any new claims" to his Second Amended Complaint. (ECF No. 77 at 7.)[2] Plaintiff does not explicitly dispute this argument. Instead, he asserts he should be allowed to add the claims because they arise from same set of facts underlying his other claims, and there would be no prejudice to Defendants in allowing the claims to proceed. Plaintiff's arguments, however, miss the mark. In the order on BCG's previous motion to dismiss, the Court explicitly stated Plaintiff "may not add any new claims" to his Second Amended Complaint. If Plaintiff wished to add new claims, he had more than enough time to seek reconsideration of the Court's order, or move for leave to add the new claims to his Second Amended Complaint. He did neither, and then simply added the claims despite the Court's order specifically precluding him from doing so. Under these circumstances, the Court grants Defendant BCG's motion to strike the newly alleged claims from the Second Amended Complaint, and grants in part and denies in part the CHP's motion to strike newly alleged claims from the Second Amended Complaint.

/ / /

/ / /

---

[2] According to BCG, those newly asserted claims are claims 10 through 12, which allege abuse of process, negligence per se, and declaratory and injunctive relief. Defendant CHP identifies those claims as newly asserted, along with Plaintiff's claims for fabrication of evidence (claim 3), malicious prosecution (claim 4), civil rights conspiracy (claim 5), Monell (claim 6), and unlawful electronic surveillance (claim 9). With one exception, the Court agrees with Defendants that these claims were not alleged in Plaintiff's First Amended Complaint. The exception is Plaintiff's claim for civil rights conspiracy. That claim was alleged in the First Amended Complaint as claim 12. (ECF No. 42 at 4.) Accordingly, the CHP's motion to strike that claim is denied.

Defendants also move to strike newly added Defendants from this case, namely Isaac Salas, "Repo Agent John Doe," and Onstar.[3] Although the Court's previous order did not explicitly preclude Plaintiff from adding new defendants, Defendants argue Plaintiff was nevertheless required to obtain permission from the Court to add these Defendants to the case. The Court agrees.

When an amended complaint adds parties not named in the previous complaint, the amending party "must obtain approval of the proposed amendment from [the] Court." *Madery v. Int'l Sound Technicians, Local 695*, 79 F.R.D. 154, 156 (C.D. Cal. 1978) (citing Fed. R. Civ. P. 21). Plaintiff had time to do that before filing his Second Amended Complaint on March 6, 2026, (*see* ECF No. 74) (Court's scheduling order setting March 2 as the deadline to file motion to join parties), yet he failed to do so. Under these circumstances, the Court also grants Defendants' motions to strike Defendants Salas, "Repo Agent John Doe," and Onstar from the Second Amended Complaint.

For the reasons set out above, the Court grants BCG's motion to strike, and grants in part and denies in part the CHP's motion to strike. Specifically, the Court grants the CHP's motion to strike Plaintiff's claims for fabrication of evidence (claim 3), malicious prosecution (claim 4), Monell (claim 6), unlawful electronic surveillance (claim 9), abuse of process (claim 10), negligence per se (claim 11), and declaratory and injunctive relief

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[3] The CHP also moves to dismiss Defendant "Garot." It appears Defendant Officer C. Garot is the same individual identified in Plaintiff's previous Complaints as Officer C. Ganot. He is therefore not a "new" Defendant. Accordingly, the Court denies the CHP's motion to strike Defendant Garot.

(claim 12). The Court also grants the CHP's motion to strike Defendants Salas, "Repo Agent John Doe," and Onstar. The CHP's motion to strike Plaintiff's claim for civil rights conspiracy (claim 5) is denied, as is its motion to strike Defendant Garot.

**IT IS SO ORDERED**.

Dated: September 14, 2026

Hon. Dana M. Sabraw
United States District Judge